**In the Interest of A.R.J., Jr., a Minor Child.**

No. 05–02–01033–CV.

Court of Appeals of Texas, Dallas.

Jan. 29, 2003.

John B. Worley, Child Support Division, Austin, for appellant.

Camille Jones Elliott, Office of the Public Defender, Dallas, for appellee.

Before Justices WHITTINGTON, O'NEILL, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

In this appeal, we must decide the effect of an amendment to section 157.265 of the Texas Family Code reducing the interest rate on delinquent child support from twelve percent to six percent. The Office of Attorney General (OAG) argues the new rate applies only to interest accruing after the amendment's effective date of January 1, 2002. We agree. Consequently, we reverse the trial court's order and render a cumulative arrearage judgment of $16,788.12.

In 1995, the trial court found Alex Johnson to be the biological father of A.R.J., Jr. and ordered Johnson to pay $215 a month in child support. In 2001, the OAG filed a motion for enforcement of child support, alleging Johnson had failed to make the payments. After a hearing, a cumulative judgment in the amount of $14,658.73 was rendered against appellant.

In a single issue, the OAG argues the trial court retroactively applied the amended statute and reduced the interest rate from twelve percent to six percent on child support arrears that accrued prior to January 1, 2002. We must determine whether the trial court erred in this respect.

At the time appellant was ordered to pay child support, interest on unconfirmed arrears accrued at a rate of twelve percent. *See* Act of May 18, 2001, 77th Leg., R.S., Ch. 1491, § 1 2001 Tex. Gen. Laws 5294. In the last session, however, the legislature amended the statute to reduce the interest rate to six percent. TEX. FAM. CODE ANN. § 157.265 (Vernon 2002). In enacting the amendment to reduce the interest rate, the Legislature also provided:

SECTION 3. (a) This Act takes effect January 1, 2002.

(b) The change in law made by this Act applies only to:

(1) a child support payment that becomes due on or after the effective date of the Act; and

(2) unpaid child support that became due before the effective date of this Act and for which a court has not confirmed the amount of arrearages and rendered a money judgment.

(c) A money judgment for child support rendered before the effective date of this Act is governed by the law in effect on the date the judgment was rendered, and the former law is continued in effect for that purpose.

TEX. FAM.CODE ANN. § 157.265 Historical and Statutory Notes (Vernon 2002) (Act of May 18, 2001, 77th Leg., R.S., Ch. 1491, § 3, Tex. Gen. Laws 5295).

Apparently relying on section 3(b)(2), the trial court determined that only money judgments rendered prior to January 1, 2002 remained subject to twelve percent interest while child support payments that were delinquent prior to January 1, 2002, but not confirmed, would be subject to six percent interest. Because no prior judgment had been taken in this case, the trial court applied a six percent rate to the delinquent support that became due before January 1, 2002.

Clearly, under a plain reading of section 3(b)(2), the six percent interest rate applies to unconfirmed arrears prior to January 1, 2002. The question we must answer is *when* does the six percent rate apply to these arrears: (1) *retroactively* from the beginning of the child support obligation, as was determined by the trial judge, or (2) *prospectively*, from the effective date of the Act?

█ Generally, a statute is presumed to operate prospectively unless expressly made retrospective. TEX. GOV'T CODE ANN. § 311.022 (Vernon 1998); *see also* TEX. CONST. art. I, § 16. Texas courts apply statutes retrospectively only if "it appears by fair implication from the language used that it was the intention of the Legislature to make it applicable to both past and future transactions." *State v. Humble Oil & Ref. Co.*, 141 Tex. 40, 169 S.W.2d 707, 708–09 (1943). Moreover, a statute may operate retrospectively only when no impairment of vested rights results. *Merchs. Fast Motor Lines, Inc. v. R.R. Comm'n*, 573 S.W.2d 502, 504 (Tex.1978).

█ Here, section 3 of the historical and statutory notes specifies the Act's amending date and then defines the categories of

support to which the new rate applies. There is nothing to suggest that the legislature intended the changed rate to apply retroactively. Giving effect to section 3 in its entirety, we conclude that unpaid child support obligations that have not been confirmed and reduced to judgment as of January 1, 2002 are subject to the twelve percent interest rate until January 1, 2002. On that date, however, interest begins accruing on those unpaid obligations at the new six percent rate.

■ Having determined the effect of the amendment, we turn to the facts of this case. The OAG presented evidence showing the arrears were $16,788.12 as of February 4, 2002. (This amount reflected twelve percent interest on past-due child support obligations until January 1, 2002, and, from that date forward, a rate of six percent.) The trial court, however, reduced the interest rate to 6 percent to the beginning of the obligation, which in turn reduced the amount owed, and rendered judgment in the amount of $14,658.83 (with any future interest to accrue at six percent per annum). The trial court erred in reducing the interest rate from the date of the obligation.

We reverse the trial court's judgment and render a cumulative arrearage judgment of $16,788.12.