**In the Interest of M.C.C., A Child.**

No. 04–0787.

Supreme Court of Texas.

Jan. 27, 2006.

Greg Abbott, Barry Ross McBee, Edward D. Burbach, Rafael Edward Cruz, Office of Atty. Gen., Rhonda Amkraut Pressley, John B. Worley, Kristofer S. Monson, Asst. Solicitor Gen., Austin, Oscar G. Settle, Arlington, Steven A. Sinkin, Karen L. Marvel, Sinkin & Barretto, P.L.L.C., San Antonio, for Petitioner.

Stephanie A. Foster, Law Offices of Stephanie A. Foster, Jennifer L. Wiggins, Jennifer Wiggins & Associates, P.C., Arlington, for Respondent.

PER CURIAM.

The trial court in this case retroactively applied Texas Family Code section 157.265 to delinquent child support, reducing the interest owed by the respondent-defendant. *See* Act of May 18, 2001, 77th Leg., ch. 1491, § 1, R.S., 2001 Tex. Gen. Laws

5294 *amended by* Act of a May 12, 2005, 79th Leg., ch. 185, R.S., 2005 Tex. Gen. Laws 339 [hereinafter 2001 TEX. FAM. CODE § 157.265]. The Fort Worth Court of Appeals affirmed. 142 S.W.3d 504, 506. We hold the language of the statute, the effective date language, and the statutory scheme, considered together, require prospective application of 2001 Family Code section 157.265. Accordingly, we reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion.

Pursuant to a divorce decree, M.C.C.'s father was to make child support payments beginning in July 1993. The father failed to make some of the payments and in November 2001 the Attorney General filed an enforcement motion seeking payment of the delinquent child support together with the accrued interest. The action later resulted in an order signed May 16, 2002, which reduced the unpaid child support to a formal judgment.

Before January 2002, the interest on a cumulative money judgment for child support and arrearages was twelve percent simple interest. Act of May 6, 1993, 73rd Leg., R.S., ch. 150, §§ 1, 3, 1993 Tex. Gen. Laws 302, 302 (amended 1995, 1999, 2001, & 2005). In 2001 the Legislature amended the pertinent statute, Family Code section 157.265, with an effective date of January 1, 2002. *See* 2001 TEX. FAM. CODE § 157.265. This amendment reduced the interest on child support from twelve percent to six percent. *See id.* The effective date language of the 2001 statute stated that the new interest rate applied to unpaid child support that has not been judicially confirmed and reduced to judgment. *See id.*

The effective date language provides:

(a) This Act takes effect January 1, 2002.

(b) The change in law made by this Act applies only to:

(1) a child support payment that becomes due on or after the effective date of this Act; and

(2) unpaid child support that became due before the effective date of this Act and for which a court has not confirmed the amount of arrearages and rendered a money judgment.

(c) A money judgment for child support rendered before the effective date of this Act is governed by the law in effect on the date the judgment was rendered, and the former law is continued in effect for that purpose.

2001 TEX. FAM. CODE § 157.265.

The Attorney General and the mother of M.C.C. argue that the 2001 Family Code section 157.265 should be applied prospectively as written. We agree. "When interpreting a statutory provision, a court must ascertain and effectuate the legislative intent." *Tex. Dep't of Protective and Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex.2004); *see also* TEX. GOV'T CODE §§ 311.011, 311.021, 311.023, 312.005. "A statute is presumed to be prospective in its operation unless expressly made retroactive." TEX. GOV'T CODE § 311.022; TEX. CONST. art. 1, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."). Statutes are only applied retroactively if the statutory language indicates that the Legislature intended that the statute be retroactive. *Merchs. Fast Motor Lines, Inc. v. R.R. Comm'n*, 573 S.W.2d 502, 504 (Tex.1978); *State v. Humble Oil & Ref. Co.*, 141 Tex. 40, 169 S.W.2d 707, 708–09 (1943).

The Fort Worth Court of Appeals held that the statute applied retroactively under the plain language of the statute and that applying the statute retroactively did

not divest the beneficiary of a vested right. 142 S.W.3d at 514, 519–20. However, the three other courts of appeals that have addressed this issue have all held that this statute is to be applied prospectively. *See In re A.R.J.*, 97 S.W.3d 833, 834–35 (Tex. App.—Dallas 2003, no pet.) (holding that the plain language of the statute supports a prospective reading); *In re Hurd*, No. 07–02–0334–CV, 2003 WL 1961142 at *2–*3 (Tex.App.—Amarillo, April 28, 2003, no pet.) (holding that, while the plain language of the statute supports a retroactive reading, the right to the vested interest requires a prospective reading); *In re A.B.L.*, No. 10–02–267–CV, 2003 WL 21470071 at *1(Tex.App.—Waco, June 25, 2003, no pet.) (mem.op.) (following *In re Hurd* and applying the statute prospectively).

■ The 2001 amendment to Texas Family Code section 157.265 does not indicate an intention by the Legislature to make the statute retroactive. The effective date language merely states the amending date and then defines the types of support to which the new six percent rate applies without any suggestion of retroactive application. We hold that the effective date language, when read in its entirety, does not require retroactive application of the interest rate in 2001 Texas Family Code section 157.265.

Accordingly, under the statute, any unpaid child support payments that have not been judicially confirmed will include twelve percent interest accrued through December 31, 2001. Beginning January 1, 2002, the unpaid child support that is not judicially confirmed, including the twelve percent interest already included in the debt, will start accruing any new interest at the rate of six percent. However, any unpaid child support that was judicially confirmed before January 1, 2002, will not start to accrue the six percent interest on January 1, 2002, but will accrue at the rate set at the time of the trial court's order. Because this statute applies prospectively, we do not reach the issue of whether the beneficiary has a vested right to the interest.

Accordingly, without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment and remand to the trial court for further proceedings consistent with this opinion.