ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 26, 2008

Raymund A. Paredes, Ph.D.
Commissioner of Higher Education
Texas Higher Education Coordinating Board
Post Office Box 12788
Austin, Texas 78711

Opinion No. GA-0655

Re: Whether the Higher Education Coordinating Board's standard method of calculating high school grade point averages must be followed by independent school districts (RQ-0716-GA)

Dear Commissioner Paredes:

Texas Education Code section 51.807 requires the Texas Higher Education Coordinating Board (the "THECB") to adopt rules establishing a "standard method for computing a student's high school grade point average" and requires that such method be applied to compute the "grade point average of a student applying as a first-time freshman for admission to a general academic teaching institution beginning with admissions for the 2009 fall semester." TEX. EDUC. CODE ANN. § 51.807(a), (c) (Vernon Supp. 2008). Section 28.0252(a) of the Texas Education Code similarly allows the Commissioner of Education (the "Commissioner") to develop a standard method of computing a student's high school grade point average; however, to the extent that the Commissioner's method conflicts with the THECB's method, the THECB's method shall be used for purposes of determining admission under subchapter U, chapter 51 of the Texas Education Code. *See id.* § 28.0252. As paraphrased, you ask: (1) whether school districts must use the standard method adopted by the THECB to calculate grade point averages if the Commissioner has not developed a standard method for doing so; (2) whether the THECB is required, or if not required then permitted, to provide for a transition period to implement the standard method; (3) whether a method that did not allow for a transition period would be unconstitutional; and (4) whether subsections 28.0252(b) and (b-1) can be interpreted to mean that the THECB's method applies only to students who enter grade nine in the 2007–2008 school year or thereafter.[1]

I. Background

To place sections 28.0252 and 51.807 in context, we first review the statutory schemes in which they are found. In 1997, the Legislature enacted subchapter U, chapter 51 of the Education

---

[1]Letter from Raymond A. Paredes, Ph.D., Commissioner of Higher Education, Texas Higher Education Coordinating Board, to Honorable Greg Abbott, Attorney General of Texas, at 1–2 (May 9, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

Code, creating a uniform admission policy for all general academic teaching institutions.[2] *See* Act of May 28, 1997, 75th Leg., R.S., ch. 155, § 1, 1997 Tex. Gen. Laws 304, 304–06 (codified at TEX. EDUC. CODE ANN. §§ 51.801–.809 (Vernon 2006 & Supp. 2008)). In relevant part, the Legislature enacted what is commonly referred to as the "top ten percent rule," requiring each general academic teaching institution to admit an applicant for admission to the institution as an undergraduate student if, among other requirements, the applicant graduated with a grade point average in the top ten percent of the student's high school graduating class. *See* TEX. EDUC. CODE ANN. § 51.803 (Vernon Supp. 2008). The Legislature also required the governing board of each general academic teaching institution to determine whether to adopt an admissions policy that would require admission for a student who graduated with a grade point average in the top twenty-five percent of the applicant's high school graduating class. *See id.* § 51.804.

After the original enactment of subchapter U, chapter 51, the Legislature became aware that school districts vary widely in the methods they use to calculate grade point averages and in the weight they give to specific classes. *See* HOUSE COMM. ON HIGHER EDUC., BILL ANALYSIS, Tex. H.B. 3851, 80th Leg., R.S. (2007). "The grade point scales used in Texas high schools can vary from 3.0 to 12.0—there is no standardization." *Id.* For instance, some school districts give more weight to honors and advanced-placement classes, while others do not. Debate on Tex. H.B. 3851 on the Floor of the House, 80th Leg., R.S. (May 8, 2007) (Statement of Rep. Morrison) (tape available from House Video/Audio Servs.).

In an effort to standardize the method for calculating grade point averages across the state, in 2005 the Legislature authorized, but did not require, the Commissioner to develop a standard method of computing a student's high school grade point average. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 293, § 1, 2005 Tex. Gen. Laws 883, 883 (codified at TEX. EDUC. CODE ANN. § 28.0252 (Vernon Supp. 2008)). Under section 28.0252, if the Commissioner adopts a standard method, school districts are required to use the Commissioner's method to compute grade point averages of students entering grade nine during or after the 2007–2008 school year. *Id.* Based on a review of the rules promulgated by the Texas Education Agency, it appears that, to date, the Commissioner has neither proposed nor adopted a standard method that school districts are required to use in calculating grade point averages.

---

[2]"'General academic teaching institution' means The University of Texas at Austin; The University of Texas at El Paso; The University of Texas of the Permian Basin; The University of Texas at Dallas; The University of Texas at San Antonio; Texas A&M University, Main University; The University of Texas at Arlington; Tarleton State University; Prairie View A&M University; Texas Maritime Academy; Texas Tech University; University of North Texas; Lamar University; Lamar State College-Orange; Lamar State College-Port Arthur; Texas A&M University-Kingsville; Texas A&M University-Corpus Christi; Texas Woman's University; Texas Southern University; Midwestern State University; University of Houston; University of Texas-Pan American; The University of Texas at Brownsville; Texas A&M University-Commerce; Sam Houston State University; Texas State University-San Marcos; West Texas A&M University; Stephen F. Austin State University; Sul Ross State University; Angelo State University; The University of Texas at Tyler; and any other college, university, or institution so classified as provided in this chapter or created and so classified, expressly or impliedly, by law." TEX. EDUC. CODE ANN. § 61.003(3) (Vernon Supp. 2008).

Subsequently, in 2007, the Legislature required that the THECB establish by rule a standard method for computing a student's high school grade point average to be used in relation to a student applying for admission to a general academic teaching institution. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 1369, § 2, 2007 Tex. Gen. Laws 4667, 4667–68 (codified as an amendment to Education Code section 51.807).[3] In doing so, the Legislature maintained the Commissioner's authority to develop a standard method for general purposes that, if adopted, must be used by school districts. *See id.* § 1, at 4667 (codified as an amendment to Education Code section 28.0252(b). Section 28.0252, however, was amended to provide that if the Commissioner's standard method conflicts with the THECB's standard method for admissions, the student's grade point average must be computed in accordance with the method established by the THECB to determine the student's eligibility for admission under subchapter U, chapter 51. *Id.* ("[T]o the extent of a conflict between [the Commissioner's] method and the method adopted under Section 51.807, the student's grade point average computed in accordance with the method established under Section 51.807 shall be used in determining the student's eligibility for university admission under Subchapter U, Chapter 51.").

Based on statements in your letter, it appears that the THECB is currently developing a standard method for admissions but has not formally proposed or adopted a method at this time. *See* Request Letter, *supra* note 1, at 6. The scope of this opinion is therefore limited to a discussion of the statute authorizing the THECB's rulemaking authority. We do not address any additional questions or complexities that may be raised by a specific rule once adopted or implemented.

## II.  Analysis

### A.  Whether school districts are required to use the THECB's standard method for admissions

You first ask whether a standard method adopted by the THECB pursuant to section 51.807 applies to school districts if the Commissioner has not adopted a standard method under section 28.0252. *See* Request Letter, *supra* note 1, at 1.[4] We presume that by using the word "apply" you mean to ask whether school districts are required to use the THECB standard method to compute grade point averages for purposes of admission under subchapter U, chapter 51.

Section 51.807 states, in relevant part, that "[t]o ensure a uniform standard for admissions under this subchapter, the Texas Higher Education Coordinating Board shall adopt rules establishing

---

[3]Under the Act, the THECB was required to "adopt rules as required by Section 51.807, Education Code, as amended by this Act, *as soon as practicable after the effective date of [the] Act.*" Act of May 27, 2007, 80th Leg., R.S., ch. 1369, § 5, 2007 Tex. Gen. Laws 4667, 4668 (emphasis added).

[4]The Texas Association of School Administrators ("TASA") has argued that "[i]f the commissioner of education does not adopt a method, a conflict does not exist and thus school districts are not required to use the method adopted under Section 51.807 for university admissions." Letter from David Thompson, Counsel for TASA, to Nancy Fuller, Chair, Opinion Committee, Office of Attorney General, at 3 (July 18, 2008) (on file with the Opinion Committee).

a standard method for computing a student's high school grade point average." TEX. EDUC. CODE ANN. § 51.807(a) (Vernon Supp. 2008).[5] The statute also mandates that the standard method established by the THECB "applies to computing the grade point average of a student applying as a first-time freshman for admission to a general academic teaching institution beginning with admissions for the 2009 fall semester." Id. § 51.807(c).

On its face, section 51.807 does not expressly state that school districts are required to use the THECB standard method to calculate grade point averages. See id. § 51.807. The statute requires that the THECB adopt a standard method for calculating a grade point average, and that method must be used to calculate the grade point average for purposes of admission under subchapter U, chapter 51. See id. However, within section 51.807, the Legislature did not expressly state whether school districts must use the THECB's standard method to compute a student's grade point average for purposes of admission under subchapter U, chapter 51. See id.

Given the silence in the statute as to who is charged with computing the grade point average according to the THECB's standard method, we analyze section 51.807 in light of its express objective, the legislative intent, and the context in which the statute was passed to determine whether section 51.807 implicitly requires school districts to calculate a student's grade point average under the THECB's standard method for purposes of admission under subchapter U, chapter 51.

When interpreting a statutory provision, our primary rule is to give effect to the legislative intent. City of Houston v. Jackson, 192 S.W.3d 764, 770 (Tex. 2006); Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 383 (Tex. 2000). In the statute itself, the Legislature expressly states that the objective of the statute is "to ensure a uniform standard for admissions." TEX. EDUC. CODE ANN. § 51.807(a) (Vernon Supp. 2008). To achieve that objective, the Legislature mandated that the THECB's standard method be applied to students applying for college admission for the 2009 fall semester. Id. § 51.807(c). Although the Legislature did not expressly state in section 51.807 that school districts are required to use the THECB's standard method for admissions, the uniformity intended by the Legislature will not be achieved if school districts may continue using their diverse, individual methods to determine students' grade point averages for purposes of admission under subchapter U, chapter 51 rather than a standard method. Due to the nature of the uniform admission policies in sections 51.803 and 51.804, the school districts are the only entities with all of the information necessary to determine class rank because they are the only entities that possess grades for all their students. To determine which students fall within the top ten or twenty-five percent, the school districts will have to rank the senior class by grade point averages computed according to the THECB's standard method for admissions.

---

[5]To avoid confusion, we point out that the Legislature adopted two separate acts that included sections amending section 51.807 of the Education Code. The first section 51.807 addresses the THECB's general rulemaking authority relating to the operation of admissions programs, and it is not addressed herein. See TEX. EDUC. CODE ANN. § 51.807 (Vernon Supp. 2008) (as added by Act of May 27, 2007, 80th Leg., R.S., ch. 941, § 4, 2007 Tex. Gen. Laws 3256, 3258). For purposes of this opinion, only the second section 51.807, addressing the THECB's authority to create rules establishing a standard method for calculating grade point averages, is applicable. See id. (as added by Act of May 27, 2007, 80th Leg., R.S., ch. 1369, § 2, 2007 Tex. Gen. Laws 4667, 4667–68).

The legislative history also supports the conclusion that school districts must use the standard method adopted by the THECB for purposes of admission under subchapter U, chapter 51. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005) (stating that in construing a statute, legislative history may be considered). Representative Morrison, the author of House Bill 3851 which enacted section 51.807, explained that the intent of the bill was to create uniformity and standardization for purposes of admissions and financial aid eligibility:

> [W]henever a student is applying for admissions and financial aid eligibility, [the bill] would allow the coordinating board to come up with a methodology for standardizing high school GPAs for all institutions of higher learning so that whenever a student is applying they're on a more level playing field, because each school district does it differently.

Debate on Tex. H.B. 3851 on the Floor of the House, 80th Leg., R.S. (May 8, 2007) (statement of Rep. Morrison) (tape available from House Video/Audio Servs.). Additionally, the fiscal note on House Bill 3851 assumes that school districts are required to utilize the THECB's standard method, stating:

> Given the complexity and variety of methods of calculating high school grade point average, it is assumed that *school districts* would likely incur some cost in conforming to an adopted methodology. Anticipated costs would include modification of local procedures and software.

Fiscal Note, Tex. H.B. 3851, 80th Leg., R.S. (2007) (enrolled version) (emphasis added).

By enacting section 51.807, the Legislature intended that all students applying for admission to a general academic teaching institution have their grade point averages and corresponding class ranks computed in a uniform way for purposes of admission to those institutions. The Legislature's objective can be attained only if school districts calculate grade point averages for purposes of admission by using a standard method. If the Commissioner adopts a method and the THECB agrees to use the same method for admissions, that method can be used to calculate grade point averages for purposes of admission and all other purposes. If the Commissioner chooses not to adopt a standard method or implements a method that conflicts with the THECB's method, school districts will be required to use the THECB's method for admissions in order to achieve the Legislature's intent.

When the Legislature enacted section 51.807, it also enacted an amendment to section 28.0252(b) that supports this construction. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 1369, §§ 1–2, 2007 Tex. Gen. Laws 4667, 4667–68. In interpreting a statutory provision, "we must always consider the statute as a whole rather than its isolated provisions." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001). "We should not give one provision a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone." *Id.* As discussed above, section 28.0252, originally enacted in 2005, authorizes the

Commissioner to create a standard method for calculating grade point averages, which, if adopted, must be used by school districts. *See* TEX. EDUC. CODE ANN. § 28.0252 (Vernon Supp. 2008). In 2007, in the same bill that enacted section 51.807, the Legislature amended section 28.0252. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 1369, § 1 2007 Tex. Gen. Laws 4667, 4667. The amendment provides that to the extent of a conflict between the Commissioner's standard method and the THECB's standard method, school districts must use the THECB's standard method "in determining [a] student's eligibility for university admission under Subchapter U, Chapter 51." *Id.* If the Legislature had not intended for school districts to use the THECB's method, this amendment would have been unnecessary. Thus, while preserving the Commissioner's authority, section 28.0252 as amended evinces the legislative intent that the THECB's method be used to calculate grade point averages for purposes of admission under subchapter U, chapter 51.

You tell us that certain "public education stakeholders" interpret section 28.0252(b) to mean that "[i]f the Commissioner does not develop a method under Section 28.0252 . . ., 'a conflict does not exist and thus school districts are not required to use the method adopted under Section 51.807 for university admissions.'" Request Letter, *supra* note 1, at 6. This interpretation ignores the express language of section 51.807 and the context in which the statute is found. Even in the absence of a standard method from the Commissioner under section 28.0252, school districts are required by virtue of section 51.807 to use the standard method for admissions established by the THECB.

Important to note is that the Legislature intended that the THECB's method be used for purposes of admission under subchapter U, chapter 51, leaving open the possibility that school districts may, as authorized by law, continue to use other methods to calculate grade point averages for other purposes. *See* TEX. EDUC. CODE ANN. § 51.807 (Vernon Supp. 2008). If the Commissioner adopts a standard method, the school districts are required to use that method except to the extent that it conflicts with the THECB's standard method for calculating grade point averages for purposes of admission under subchapter U, chapter 51. *See id.* §§ 28.0252(b), 51.807. However, in the absence of a standard method from the Commissioner, nothing in the statute prevents school districts from continuing to use their individual methods for calculating grade point averages for all other purposes, such as high school graduation rank. The THECB's method is required only for purposes of admission under subchapter U, chapter 51.

## B.    Whether a transition period is required or permitted for implementation of the THECB's standard method

You next ask whether the THECB is required, or if not required, then permitted to provide a transition period for implementation of its standard method "so as not to adversely affect students currently in high school who did not have notice of the method or a reasonable opportunity to plan their high school academic choices based on the method?" Request Letter, *supra* note 1, at 1. This same concern was raised in a House Committee on Higher Education meeting by one of the Committee's members:

> My thought is just to make sure that . . . the students know how the
> computations *are going to be made.* And let me tell you why I make

> this comment.   My nephew, who is graduating in May, was valedictorian for three and half years and last week was told he was not. . . . He told me what happened was, senior year, he asked his counselor, "what do I take? . . ." [And his high school counselor] told him, "take criminal justice." Some other kids took anatomy. [The school] computed criminal justice at three points and anatomy at four points.

*Hearings on Tex. H.B. 3851 Before the House Comm. on Higher Educ.*, 80th Leg., R.S. (Apr. 16, 2007) (statement of Rep. Alonzo) (emphasis added) (tape available from House Video/Audio Servs.). The Committee member's statements suggest that he interpreted the standard method to be used on a prospective basis only, and no comments were made to the contrary. You similarly note that many students throughout Texas high schools have been making course curriculum decisions in an effort to maximize their potential grade point average and that the standard method, if applied retroactively, "will affect thousands of students who currently are in their junior year of high school and who will be entering their senior year of school by the time the method is in effect." Request Letter, *supra* note 1, at 7.

The statute itself is silent as to whether the THECB's standard method is to be applied retroactively or whether any transition period is allowed so that students have notice of what the THECB's standard method is before it applies to them. *See* TEX. EDUC. CODE ANN. § 51.807 (Vernon Supp. 2008). The only direction the Legislature provided is that the method adopted must be used beginning with admissions for the 2009 fall semester:

> The standard method established under Subsection (a) for computing a student's high school grade point average applies to computing the grade point average of a student applying as a first-time freshman for admission to a general academic teaching institution beginning with admissions for the 2009 fall semester. This subsection expires January 1, 2010.

*Id.* § 51.807(c).

If this subsection requires the THECB's standard method to be used to calculate the grade point average for years preceding the creation of the THECB's standard method, the method would be implemented retroactively. The Code Construction Act provides that a "statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005); *See Nat'l Carloading Corp. v. Phoenix-El Paso Express*, 176 S.W.2d 564, 568 (Tex. 1943). The same general principles apply for agency rules. *See R.R. Comm'n v. Lone Star Gas Co.*, 656 S.W.2d 421, 425 (Tex. 1983); *All Saints Health Sys. v. Tex. Worker's Comp. Comm'n*, 125 S.W.3d 96, 104 (Tex. App.—Austin 2003, pet. denied) ("Agency rules and rates are set for the future, and not for the past."). In the absence of any special indication or reason, a statute will not be applied retroactively, even when there is no constitutional impediment against it. *Coastal Indus. Water Auth. v. Trinity Portland Cement Div.*, 563 S.W.2d 916, 918 (Tex. 1978); *see also State v.*

*Humble Oil & Refining Co.*, 169 S.W.2d 707, 708–09 (Tex. 1943) ("[S]tatutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intention of the Legislature to make it applicable to both past and future transactions.").

By the same principle, a statutory grant of legislative rulemaking authority generally will not be understood to encompass the power to promulgate retroactive rules unless that power is conveyed in express terms. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); *see also R.R. Comm'n v. Lone Star Gas Co.*, 656 S.W.2d 421, 425 (Tex. 1983); *All Saints Health Sys. v. Tex. Workers' Comp. Comm'n*, 125 S.W.3d 96, 104 (Tex. App.—Austin 2003, pet. denied) ("Agency rules and rates are set for the future, not for the past."). All doubts as to retroactivity are resolved against retroactive operation of a statute. *Ex Parte Abell*, 613 S.W.2d 255, 258 (Tex. 1981).

Section 51.807 does not suggest an intention by the Legislature to make the statute, or the rules that it authorizes the THECB to implement, retroactive. *See* TEX. EDUC. CODE ANN. § 51.807 (Vernon Supp. 2008). The statute does not expressly state that the THECB's standard method be applied to calculate a student's grade point average for grades earned before the calculation method is adopted. *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005) (statute is presumed prospective unless expressly made retrospective). The statute simply provides that the method adopted by the THECB should be used beginning with admissions for the 2009 fall semester.

The general language used by the Legislature makes it possible to implement the THECB's method on a prospective basis only. Simply because the THECB's method must be used beginning with admissions for the 2009 fall semester does not mean that it must be implemented retroactively. In enacting section 51.807, the Legislature gave the THECB broad discretion and rulemaking authority in operating admissions programs: "[t]he board may adopt other rules relating to the operation of admissions programs . . . ." TEX. EDUC. CODE ANN. § 51.807(b) (Vernon Supp. 2008). Based on this authority, we conclude that the THECB is authorized to implement the standard method in a manner that is consistent with section 51.807's objective but that nevertheless complies with the presumption against retroactive application. Furthermore, given the authority to implement the statute prospectively and the presumption against retroactivity, we conclude that the THECB is required to implement its standard method on a prospective basis only and has the latitude to provide for a transition period.

Because we conclude that section 51.807 should not be applied retroactively, we need not address your question regarding whether it would be a violation of the Texas Constitution, article I, section 16 if the Board adopted a standard method and applied it to students currently in high school. *See* Request Letter, *supra* note 1, at 2. Because we determine that the statute and accompanying rules were only meant to apply prospectively, we do not reach this issue. *See In re M.C.C.*, 187 S.W.3d 383, 385 (Tex. 2006) (refusing to reach the issue of whether a constitutional right was impaired after determining that statute only applied prospectively).

## S U M M A R Y

Section 51.807 of the Texas Education Code provides that the Texas Higher Education Coordinating Board (the "THECB") shall adopt rules establishing a standard method for computing a student's high school grade point average, and such method must be used to calculate the grade point average of a student applying as a first-time freshman for admission to a general academic teaching institution beginning with admission for the 2009 fall semester. Section 28.0252 authorizes the Commissioner of Education to adopt a standard method to compute a student's high school grade point average and requires school districts to use that method, unless it conflicts with the THECB's method. The standard method established by the THECB must be used to calculate a student's grade point average for purposes of determining eligibility for university admission under subchapter U, chapter 51, regardless of whether the Commissioner has developed a standard method as permitted under section 28.0252(a) of the Texas Education Code.

Because section 51.807 does not suggest an intention by the Legislature to make the THECB's standard method apply retroactively, and because there is a presumption against retroactive application of both statutes and agency rules, the THECB's standard method should be applied on a prospective basis only.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee