ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 17, 2008

The Honorable Homero Ramirez            Opinion No. GA-0596
Webb County Attorney
1110 Washington Street, Suite 301       Re: Operation of Texas Education Code section
Laredo, Texas 78042                     11.168 prohibiting certain school district agreements
                                        (RQ-0609-GA)

Dear Mr. Ramirez:

You ask about the operation of section 11.168 of the Texas Education Code, which prohibits certain school district agreements, with respect to an agreement entered into before the effective date of the statute.[1] Section 11.168, in its entirety, provides as follows:

> The board of trustees of a school district may not enter into an agreement authorizing the use of school district employees, property, or resources for the provision of materials or labor for the design, construction, or renovation of improvements to real property not owned or leased by the district.

TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006). Section 11.168 became effective June 18, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 979, 2005 Tex. Gen. Laws 3286. You specifically ask whether section 11.168

> applies retrospectively to an agreement entered before the effective date of [the statute], where the agreement calls for the use of school district resources for improvements to real property not owned or leased by the . . . district, and where such use of . . . district resources will continue under the terms of the agreement after the effective date of Section 11.168[.]

Request Letter, *supra* note 1, at 1. You contend that because section 11.168 does not apply retrospectively it does not prohibit and affect the validity of an agreement entered into before June 18, 2005. *See id.* at 2.

---

[1]*See* Letter from Honorable Homero Ramirez, Webb County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (July 24, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

We address here only the legal question you raise: whether section 11.168 applies retroactively to an agreement otherwise validly entered into before its effective date.[2] When interpreting a statute, like a court, we must "ascertain and effectuate the Legislat[ure's] intent." *In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006) (quoting *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care., Inc.*, 145 S.W.3d 170, 176 (Tex. 2004)). The Code Construction Act provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005). And the Supreme Court of Texas has stated that "[s]tatutes are only applied retroactively if the statutory language indicates that the Legislature intended that the statute be retroactive." *In re M.C.C.*, 187 S.W.3d at 384 (citing *Merch. Fast Motor Lines, Inc. v. R.R. Comm'n*, 573 S.W.2d 502, 504 (Tex. 1978), *State v. Humble Oil & Ref. Co.*, 169 S.W.2d 707, 708–09 (Tex. 1943)).

Section 11.168 does not indicate an intention by the Legislature to make the statute retroactive. *See* TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006). The statute does not expressly state that it applies to agreements entered into before its adoption. *See id.*; *see also* TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005) (stating that statute is presumed prospective unless expressly made retrospective); *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002) ("A retroactive law literally means a law that acts on things which are past.") (citing *Decordova v. City of Galveston*, 4 Tex. 470, 475 (1849)). Nor does the statutory language otherwise indicate that the Legislature intended retroactive operation. *See* TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006); *see also In re M.C.C.*, 187 S.W.3d at 384–85 (stating that statutes are applied retroactively only if the language indicates such legislative intent). The statute provides that a school district board of trustees "may not enter into" an agreement described by the statute. TEX. EDUC. CODE ANN. § 11.168 (Vernon 2006). It does not attempt to reach past actions or decisions of a school board of trustees to contract with a party. *Cf.* TEX. GOV'T CODE ANN. § 311.012 (Vernon 2005) ("Words in the present tense include the future tense.").

The only legislatively adopted language regarding the operation of the statute—"effective immediately"—also does not support an intent that the statute apply retroactively. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 979, § 2, 2005 Tex. Gen. Laws 3286 ("This Act takes effect

---

[2]We do not understand you to ask about the underlying validity of the type of agreement at issue, and thus, we do not address that question. *See* Request Letter, *supra* note 1, at 1–2. A school district possesses only the powers—including the power to contract with reference to a particular purpose—expressly conferred on it by law or necessarily implied from the powers so conferred. *Harlingen Indep. Sch. Dist. v. Page*, 48 S.W.2d 983, 986 (Tex. Comm'n App. 1932, judgm't adopted); *see also Tex. Roofing Co. v. Whiteside*, 385 S.W.2d 699, 701 (Tex. Civ. App.—Amarillo 1964, writ ref'd n.r.e.). An agreement's validity necessarily depends on whether the agreement is authorized by law and whether its terms conform to the applicable law. *Cf. Harlingen Indep. Sch. Dist.*, 48 S.W.2d at 986 (stating that court must look at pertinent statutes to determine validity of school district construction contract payable from bond proceeds). You do not reference or discuss the statutes authorizing the type of agreement you ask about, its terms, or any other facts about the agreement. *See* Request Letter, *supra* note 1, at 1–2; *see also* Tex. Att'y Gen. Op. Nos. GA-0176 (2004) at 2 (stating that attorney general opinions may "address a public entity's authority to agree to a particular contract term, if the question can be answered as a matter of law," but they do not generally construe contracts); JM-1218 (1990) at 1–2 (in absence of factual information, assuming that contract for the purchase of goods was validly entered into and delivery of the goods made before the effective date of statute in analyzing retroactive application of statute).

immediately if it receives a vote of two-thirds of all the members . . . ."); *cf. In re M.C.C.*, 187 S.W.3d at 385 ("The effective date language merely states the amending date and then defines the types of support to which [the amendment] applies without any suggestion of retroactive application."). That language, in fact, leads to the conclusion that the legislative intent was that the statutory prohibition apply prospectively. *See Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.*, 798 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1990, writ denied). ("The legislature's sole enacted pronouncement on the effective date of the bill is the emergency 'effective immediately' clause; if the legislature believed the provision could be applied retroactively, there would be no reason to make it effective immediately.").

In answer to your question, we conclude that section 11.168 does not apply retroactively to an agreement entered into before the effective date of the statute. You do not ask about a particular agreement, and we do not determine whether section 11.168 would apply to a particular agreement that may be described as being entered into before the statute's effective date. *See, e.g., Lamar Life Ins. Co. v. Jordan*, 163 S.W.2d 215, 217 (Tex. Civ. App.—Waco 1942, writ ref'd w.o.m.) (distinguishing between extension of rights vested at inception of a contract and a novation of such a contract); *Greenbelt Elec. Coop., Inc. v. Johnson*, 608 S.W.2d 320, 325 (Tex. Civ. App.—Amarillo 1980, no writ) (recognizing that under Texas law a contract modified by mutual consent is a new contract); *see also* Tex. Att'y Gen. Op. No. GA-0302 (2005) at 2 (stating that "this office does not review or construe contracts").

Because we conclude that section 11.168 does not apply retroactively, we need not address your contention that retroactive application of the statute would impair a school district's vested interest under an agreement entered into before the effective date of the statute. *See* Request Letter, *supra* note 1, at 2; *see also Subaru of Am., Inc.*, 84 S.W.3d at 219 (stating that only retroactive statutes that impair vested rights are constitutionally prohibited); *In re M.C.C.*, 187 S.W.3d at 385 (stating that because the court concluded that statutory amendment lowering interest rate on child support arrearages applied prospectively, "we do not reach the issue of whether the beneficiary has a vested right to the interest"); *Price Pfister, Inc. v. Moore & Kimmey, Inc.*, 48 S.W.3d 341, 353–54 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (considering whether retroactive application of statute altered company's vested rights under a contract to pay commission).

## S U M M A R Y

The general rule in Texas is that statutes apply prospectively unless the statutory language indicates that the Legislature intended the statute to apply retroactively. Texas Education Code section 11.168 prohibits a school district board of trustees from entering into an agreement authorizing the use of school district resources for improvement of real property not owned or leased by the school district. Because the statute does not indicate that the Legislature intended the statute to apply retroactively, it does not apply to such an agreement entered into before the effective date of the statute.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee