

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-18-00271-CV

**IN THE INTEREST OF G.R.B.**, A.R.B., I.E.B.-S., J.B.G., and E.A.G., Children

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA01024
Honorable Richard Garcia, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Marialyn Barnard, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  October 10, 2018

AFFIRMED

This is an appeal from a trial court's order terminating appellant mother's ("Mother") parental rights to her children, G.R.B., A.R.B., I.E.B.-S., J.B.G., and E.A.G.[1]  On appeal, Mother contends the evidence is legally and factually insufficient to support findings that Mother's parental rights were not terminated based on circumstances set out in section 161.001(c) of the Texas Family Code ("the Code").  We affirm the order of termination.

### BACKGROUND

A detailed rendition of the facts are unnecessary to the disposition of this appeal.  Accordingly, we provide a short procedural background for context.

---

[1] The trial court also terminated the parental rights of the children's fathers, except for the father of A.R.B., who was named managing conservator of his child.  None of the fathers whose rights were terminated filed a notice of appeal challenging the trial court's order.  Accordingly, they are not parties to this appeal.

The Texas Department of Family and Protective Services ("the Department") became involved with the family when it received a report that Mother was using controlled substances and selling controlled substances from her home. The Department opened a Family-Based Services Case. Subsequently, the Department filed a petition in which it sought, among other things, termination of Mother's parental rights in the event reunification could not be achieved. The Department prepared a service plan for Mother, which, according to testimony, she failed to complete. After holding the required statutory hearings, the matter proceeded to a final hearing wherein the Department presented evidence in support of termination. At the conclusion of the hearing, the trial court found Mother's parental rights should be terminated on several grounds: (1) failure to support her children in accordance with her ability; (2) constructive abandonment; (3) failure to comply with the court-ordered service plan; and (4) she had been the cause of a child being born addicted to a controlled substance not legally obtained by prescription. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(F), (N), (O), (R). The trial court further found that termination would be in the children's best interests. *See id.* § 161.001(b)(2). Thereafter, Mother timely perfected this appeal.

## ANALYSIS

On appeal, Mother does not challenge the grounds upon which her parental rights were terminated, nor does she challenge the trial court's finding that termination was in the best interests of her children. Rather, Mother contends the Department was required to prove that termination of her parental rights is not based on evidence that she: (1) homeschooled a child; (2) is economically disadvantaged; (3) has been charged with a nonviolent misdemeanor offense other than an offense under Titles 5 or 6 of the Texas Penal Code, or an offense involving family violence as defined by section 71.004 of the Code; (4) provided or administered low-THC cannabis to a child for whom the cannabis was prescribed under Chapter 169 of the Texas Occupations Code;

or (5) declined immunization for a child for reasons of conscience, including a religious belief. *Id.* § 161.001(c). Mother argues there was no evidence or insufficient evidence presented by the Department as to the matters set out in section 161.001(c). The Department counters, arguing section 161.001(c) is inapplicable based on its effective date. The Department further argues that even if applicable, it is not required to disprove the circumstances set out in section 161.001(c).

Article I, section 16 of the Texas Constitution prohibits ex post facto and retroactive laws. TEX. CONST. art. I, § 16; *see In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006) (per curiam). Statutes are presumed to be prospective in operation unless expressly made retrospective. TEX. GOV'T CODE ANN. § 311.022. As stated by the supreme court, statutes are applied retroactively only "if the statutory language indicates that the Legislature intended that the statute be retroactive." *In re M.C.C.*, 187 S.W.3d at 384. Statutory amendments are also presumed to apply prospectively. *Bates v. Tesar*, 81 S.W.3d 411, 427 (Tex. App.—El Paso 2002, no pet.) (citing *Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.*, 798 S.W.2d 580, 585 (Tex. App.—Houston [1st Dist.] 1990, writ denied)). When interpreting a statutory provision, including its effective date, we must ascertain and give effect to the Legislature's intent. *In re M.C.C.*, 187 S.W.3d at 384.

Subsection (c) of section 161.001 of the Code was added during the regular session of the 85th Texas Legislature. *See* Act of May 31, 2017, 85th Leg., R.S. ch. 317, § 12, 2017 Tex. Sess. Law Serv. 615, 618 (West 2017) (codified at TEX. FAM. CODE ANN. § 161.001(c)). With regard to its effective date, the Legislature specifically provided that:

> Except as otherwise provided by this section, the changes in law made by this Act apply only to a suit affecting the parent-child relationship filed on or after the effective date of this Act. A suit affecting the parent-child relationship filed before the effective date of this Act is subject to the law in effect at the time the suit was filed, and the former law is continued in effect for that purpose.

*Id.* at 640.

Even if we assume section 161.001(c) requires the State to disprove the grounds set out in section 161.001(c) — a matter upon which we express no opinion — we hold section 161.001(c) is inapplicable here. The statute, by express admonition of the Texas Legislature, is inapplicable to suits filed before the effective date of the act. The act from which section 161.001(c) arose was effective September 1, 2017. *Id.* at 641. The Department filed its original petition in this matter on May 12, 2017 — almost four months before section 161.001(1)(c) became effective. Accordingly, the mandate of section 161.001(c) is inapplicable to this matter and cannot serve as a basis for reversal of the trial court's termination order. *See id.* We therefore overrule Mother's sole appellate contention.

## CONCLUSION

Based on the foregoing, we hold that contrary to Mother's argument, section 161.001(c) is inapplicable. As this was Mother's only appellate complaint and it is without merit, we affirm the trial court's order of termination.

Marialyn Barnard, Justice