# NO. 12-08-00356-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF* | § | *APPEAL FROM THE SECOND* |
| *T.L.S., II,* | § | *JUDICIAL DISTRICT COURT* |
| *A JUVENILE* | § | *CHEROKEE COUNTY, TEXAS* |

## *OPINION*

T.L.S., II appeals the juvenile court's order transferring him from the Texas Youth Commission to the Institutional Division of the Texas Department of Criminal Justice. In one issue, he complains that the court lacked jurisdiction to order the transfer. We affirm.

## BACKGROUND

On December 6, 2005, the district court in Cherokee County, acting as the county's juvenile court, adjudicated T.L.S. to be a juvenile delinquent, assessed a determinate sentence of twelve years, and placed him in the custody of the Texas Youth Commission (TYC). In August 2007, the State filed a petition to transfer T.L.S. to the Institutional Division of the Texas Department of Criminal Justice (TDCJ) to complete his sentence. T.L.S. filed a plea to the jurisdiction, arguing that the trial court was without jurisdiction to grant the State's petition because he was past his nineteenth birthday. The trial court held a hearing on August 8, 2008. Following that hearing, the trial court denied T.L.S.'s plea to the jurisdiction and ordered that he be transferred to TDCJ to complete his sentence. This appeal followed.

In his sole issue, T.L.S. argues that the juvenile court had no jurisdiction to order that he be transferred to TDCJ.

## Standard of Review

A plea to the jurisdiction is "a dilatory plea which seeks dismissal of a case for lack of subject matter jurisdiction." *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Such a plea "challenges the trial court's authority to determine the subject matter of a specific cause of action." *Fowler v. Tyler Indep. Sch. Dist.*, 232 S.W.3d 335, 337 (Tex.App.–Tyler 2007, pet. denied). We review a challenge to a trial court's subject matter jurisdiction de novo. *Id.*; *see also* *Tex. Dep't Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

We also review matters of statutory construction de novo. *See* *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In construing a statute, our objective is to determine and give effect to the legislature's intent. *Id.* We begin with the "plain and common meaning of the statute's words," and we review the entire act to determine legislative intent. *Id.*; *In re T.G.*, No. 03-07-00543-CV, 2008 Tex. App. LEXIS 4551, at *14–15 (Tex. App.–Austin June 19, 2008, pet. denied) (mem. op.).

## Applicable Law and Analysis

Prior to June 2007, a person who received a determinate sentence[1] from a juvenile court was subject to being transferred from a TYC facility to a TDCJ facility to complete his sentence on or before his twenty–first birthday. *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, §§ 61, 64, 1995 Tex. Gen. Laws 2517, 2572, 2573–74 (current versions at TEX. HUM. RES. CODE ANN. §§ 61.079(a), 61.084(g) (Vernon Supp. 2008)). In 2007, the legislature passed Senate Bill 103, which made several changes to the Juvenile Justice Code including reducing the age before which

---

[1] A determinate sentence is for a specific term of years and is given to a juvenile offender for the commission of what would be a serious offense if committed by an adult. *See* TEX. FAM. CODE ANN. § 54.04 (d)(3), (m) (Vernon 2008) (referencing TEX. FAM. CODE ANN. § 53.045(a) (Vernon 2008) (listing specific offenses for which determinate sentencing may be assessed)); *see also* Robert Dawson, TEXAS JUVENILE LAW 421–25 (6th ed. 2004) (cited in *In re J.J.*, 276 S.W.3d 171, 173 n.1 (Tex. App.–Austin 2008, pet. denied) (stating that a determinate sentence is usually reserved for violent or habitual juvenile offenders)).

a person must be transferred to TDCJ from twenty–one years of age to nineteen. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 263, §§ 50, 53, 2007 Tex. Gen. Laws 421, 446–47 (amending TEX. HUM. RES. CODE ANN. § 61.079), 449 (amending TEX. HUM. RES. CODE ANN. § 61.084); ***In re T.G.***, 2008 Tex. App. LEXIS 4551, at *3. Under both the previous statutory scheme and the amended scheme, a person serving a determinate sentence is automatically released to TDCJ to be placed on parole when he reaches the relevant birthday (twenty–first or nineteenth depending on the scheme) if the state has not acted to secure an order transferring the individual to TDCJ for incarceration. ***Id.***; TEX. HUM. RES. CODE ANN. § 61.084(g) (Vernon Supp. 2008).

T.L.S. turned nineteen prior to the passage of Senate Bill 103 and is in a cohort of 159 individuals[2] who were nineteen or older at the time the law changed. He contends that the relevant statutory changes made by Senate Bill 103 should be construed to have retrospective application. Accordingly, T.L.S. argues that the trial court lacked jurisdiction to hear his case because he had reached his nineteenth birthday before the State began the proceeding to transfer him to TDCJ for incarceration. Consequentially, he argues, he must be transferred to TDCJ to be released on parole.

"A statute is presumed to be prospective in its operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005); *see also* TEX. CONST. art. I, § 16 ("No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."). And statutes are applied retrospectively only if the statutory language provides that the legislature intended that the statute be retroactive. *See **Merchants Fast Motor Lines, Inc. v. Railroad Comm'n***, 573 S.W.2d 502, 504 (Tex. 1978); ***State v. Humble Oil & Ref. Co.***, 169 S.W.2d 707, 708–09 (Tex. 1943).[3]

---

[2] *See **In re T.G.***, 2008 Tex. App. LEXIS 4551, at *13.

[3] T.L.S. acknowledges the general rule that statutes are presumed to be prospective in application. He argues that the changes here fit an exception to that rule because they are "merely procedural or remedial." *See*, *e.g.*, ***State v. Fid. and Deposit Co. of Md.***, 223 S.W.3d 309, 311 n.2 (Tex. 2007). We disagree. The amendments, if applied retrospectively, are not merely procedural or remedial because they would strip the state of the ability to seek an individualized determination of where individuals such as T.L.S. are to be controlled. *Cf. **Subaru of Am., Inc. v. David McDavid Nissan, Inc.***, 84 S.W.3d 212, 222–23 (Tex. 2002) (change to statute is procedural and remedial because it did not "affect any vested rights . . . ."). Under both the past and current schemes, the legislature provided for the possibility of such an individualized review, changing only the end date by which the state must seek it. Therefore, we cannot conclude that such a change–a departure from the individualized review allowed for every other determinate sentence–is merely procedural and remedial in nature with respect to this cohort of individuals.

3

Some of the amendments contained in Senate Bill 103 are specifically prospective in application. *See, e.g.*, Act of May 25, 2007, 80th Leg., R.S., ch. 263, § 67, 2007 Tex. Gen. Laws 421, 455 (affecting Tex. Fam. Code Ann. § 54.052 (Vernon 2008) and Tex. Hum. Res. Code Ann. § 61.0841(c) (Vernon Supp. 2008)). These amendments address computation of credit for time spent in a detention facility for individuals with determinate sentences and do not address issues that are relevant here. Another part of the amended statutory scheme directs that it is specifically retrospective. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 263, § 65, 2007 Tex. Gen. Laws 421, 455. This section directs that all persons committed to TYC for the commission of a misdemeanor level offense are to be discharged from TYC not later than their nineteenth birthday. *See id.*; ***In the Matter of J.J.***, 276 S.W.3d 171, 176 (Tex.App.–Austin 2008, pet. denied).

T.L.S. contends the retrospective application of the statute releasing misdemeanor level offenders who are beyond the age of nineteen is support for his position that all provisions of the amended statute must be given retrospective application. In fact, the pinpoint directive to treat the amendments for misdemeanor level offenders retrospectively demonstrates the opposite point. The legislature specifically required the immediate discharge of misdemeanor level offenders who were over the age of nineteen but made no similar provision for those assessed determinate sentences. This leads to a conclusion that the legislature was relying on the general rule of prospective application of statutes, made exceptions when it intended for specific parts of the new statutes to have retrospective application, and elected not to do so with respect to determinate sentence offenders. *See **Matter of J.J.***, 276 S.W.3d at 176 (explicit retrospective application of sections 61.079(a) and 61.084(g) for those adjudicated on the basis of misdemeanor offenses "demonstrates that the legislature knew how to make a provision retrospective").

Furthermore, differentiation between these two groups of offenders is logical. Those with determinate sentences have been found to have committed what would be very serious[4] offenses if

---

[4] *See* Tex. Fam. Code Ann. § 53.045(a) (determinate sentences possible for habitual offenders or those who have committed what would be a violation of the statutes prohibiting murder, capital murder, manslaughter, aggravated kidnapping, sexual assault, aggravated assault, aggravated robbery, injury to a child, elderly individual, or disabled individual, felony deadly conduct involving discharging a firearm, certain first degree or aggravated controlled substance felonies, criminal solicitation, indecency with a child, criminal solicitation of a minor, criminal attempt of the offenses of murder, capital murder, or other specific violent offenses, arson if it causes bodily injury or death, or criminal conspiracy to commit one of the other listed offenses.)

4

committed by an adult.  Indeed the title of section 61.079 is "Referral of Violent and Habitual Offenders for Transfer," and some of these offenders may have been assessed sentences as long as forty years.  *See* TEX. FAM. CODE ANN. § 54.04(d)(3)(A).  It does not follow that because the legislature specifically decided to release all misdemeanor level offenders who had reached the age of nineteen, it also intended to release, without an opportunity for an individualized placement determination, those found to have committed murder, sexual assault, or any of the other enumerated offenses simply because those persons were over the age of nineteen when the legislation became effective.

Finally, misdemeanor level offenders are not subject to being transferred to TDCJ when they reach the age of maximum control.  *See* TEX. FAM. CODE ANN. § 53.045(a); TEX. HUM. RES. CODE ANN. § 61.084.  Accordingly, the legislature's policy decision to immediately discharge those individuals who had reached the age of nineteen did not take away the ability of the state to seek to transfer these individuals to TDCJ for imprisonment because that was never an option for misdemeanor level offenders.

A juvenile court has "exclusive original jurisdiction over proceedings under this title [the Juvenile Justice Code]."  TEX. FAM. CODE ANN. § 51.04(a) (Vernon 2008).  Significantly, the juvenile court "retains jurisdiction over a person, without regard to the age of the person, who is referred to the court under Section 54.11 for transfer to the Texas Department of Criminal Justice or release under supervision."  TEX. FAM. CODE ANN. § 51.0411 (Vernon 2008).  The legislature did not amend or alter any of the express terms of these provisions, and a prospective application of the changes to the underlying statutes means that the juvenile court retained jurisdiction to determine whether T.L.S. should be transferred to TDCJ.  *See Matter of J.J.*, 276 S.W.3d at 175.  Other courts that have considered this specific issue have concluded that the amended statutes applied prospectively and did not affect the jurisdiction of the juvenile court to consider whether to order individuals in this cohort to be transferred to TDCJ.  *See In re J.J.*, 276 S.W.3d at 176; *In re T.G.*, 2008 Tex. App. LEXIS 4551, at *20.  We agree with those decisions.  Accordingly, we hold that the trial court properly denied T.L.S.'s plea to the jurisdiction.  We overrule T.L.S.'s sole issue.

5

## DISPOSITION

Having overruled, T.L.S.'s sole issue, we ***affirm*** the judgment of the trial court.

SAM GRIFFITH
Justice

Opinion delivered August 19, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6