Opinion filed July 22,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00112-CV

                                                    __________

 

                        IN
THE MATTER OF R.D.W., A JUVENILE



 

                                  On
Appeal from the 323rd District Court

 

                                                          Tarrant
County, Texas

 

                                                    Trial
Court Cause No. 74517-J

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

             
In a single point of error, R.D.W., a juvenile, challenges the juvenile court’s
order transferring him from the custody of the Texas Youth Commission (TYC) to
the Institutional Division of the Texas Department of Criminal Justice.  We
affirm.

Background Facts

On June 18, 2003, the juvenile court found that appellant engaged in delinquent
conduct by committing aggravated robbery on March 22, 2003.  The juvenile court
additionally noted that the State’s petition had previously been approved by
the grand jury under Tex. Fam. Code Ann.
§ 53.045 (Vernon 2008) and that appellant’s delinquent conduct constituted a
violation of a penal law listed under that section.  The juvenile court subsequently
committed appellant to the custody of TYC on June 18, 2003, for a determinate sentence
of ten years on the aggravated robbery allegation with a possible transfer to
the Institutional Division of the Texas Department of Criminal Justice.

Appellant’s
date of birth is July 15, 1988.  Accordingly, he was fourteen years old both
when he committed the aggravated robbery and when he was placed in the custody
of TYC for a determinate sentence of ten years.  On August 15, 2008, TYC
requested the juvenile court to transfer appellant’s custody to the Texas
Department of Criminal Justice for confinement because he had not completed his
ten-year determinate sentence and, in the opinion of TYC, appellant’s conduct
indicated that the welfare of the community required his transfer.

The
juvenile court conducted a hearing on the transfer request on December 17,
2008.  The court found that appellant was twenty years old, that he had not
completed his sentence, and that his conduct indicated that the welfare of the
community required his transfer to the Institutional Division of the Texas
Department of Criminal Justice.  Accordingly, the juvenile court entered an
order transferring appellant’s custody to the Institutional Division of the
Texas Department of Criminal Justice.

Issue
on Appeal

In
a single point, appellant contends that the juvenile court abused its
discretion by transferring his custody to the Institutional Division of the
Texas Department of Criminal Justice because it lacked statutory authority to
do so due to his age and a recent amendment to the applicable statute.  As
noted previously, appellant was twenty years old when TYC initiated the transfer
request in August 2008.  Prior to June 8, 2007, a person who received a
determinate sentence from a juvenile court could be transferred before his
twenty-first birthday from the custody of a TYC facility to a TDCJ facility to
complete his sentence.  See Act of May 25, 2007, 80th Leg., R.S., ch.
263, §§ 50, 53, 2007 Tex. Gen. Laws 421, 446-47 (amending Tex. Hum. Res. Code Ann. § 61.079
(Vernon Supp. 2009)).  With the passage of Senate Bill 103 in 2007, the legislature
amended Section 61.079 of the Human Resources Code to decrease the maximum age
for seeking a transfer of custody to the Texas Department of Criminal Justice
for confinement from twenty-one years of age to nineteen years of age.   Appellant
contends that the 2007 amendment lowering the maximum age for transfer from
twenty-one to nineteen governs TYC’s request to transfer his custody.

 

 

Analysis

            The
issue in this appeal is narrow in scope:  Does the version of Section 61.079 in
existence at the time that appellant was adjudicated control or does the
amended version adopted in 2007 apply?  We note at the outset of our analysis
that two of our sister courts have addressed this question and that each of
them has determined that the previous version of Section 61.079 in existence at
the time of the juvenile’s adjudication applies.  In the Matter of T.L.S.,
II, 294 S.W.3d 397 (Tex. App.—Tyler 2009, no pet.); In the Matter of
J.J., 276 S.W.3d 171 (Tex. App.—Austin 2008, pet. denied); see In re T.G., No. 03-07-00543-CV, 2008 WL 2468697 (Tex. App.—Austin June 19, 2008,
pet. denied) (mem. op.).  We agree with the analysis and rulings of the Tyler
and Austin Courts of Appeals.  We hold that the version of Section 61.079 in
effect when appellant was assessed a determinate sentence of ten years
controls.  

A statute is presumed to be prospective in its operation unless expressly made
retrospective. Tex. Gov’t Code Ann.
§ 311.022 (Vernon 2005).  Statutes are only applied retroactively if the
statutory language indicates that the legislature intended that the statute be
retroactive.  In re M.C.C., 187 S.W.3d 383, 384 (Tex. 2006).  Absent express language indicating that the legislature intended retrospective
application, we must presume that the amended version of Section 61.079 does
not apply here.  See M.C.C., 187 S.W.3d at 384.  The
fact that there is no specific savings clause in Senate Bill 103 for the
former version of Section 61.079 is of no consequence because the general
savings clause of the Code Construction Act governs.  Tex. Gov’t Code Ann. § 311.031(a) (Vernon 2005); Quick v.
City of Austin, 7 S.W.3d 109, 130 (Tex. 1999) (We are to presume that the
general savings clause applies unless a contrary legislative intent is shown by
clear expression or necessary implication.).  Finding no contrary legislative
intent, we conclude that the general savings clause applies in this case. 

We
additionally note appellant’s contention that the general rule of prospective
application of a statutory amendment should not apply because the amendment of Section
61.079 was procedural or remedial in nature.  The Tyler Court of Appeals
specifically rejected this contention in T.L.S., and we agree with that court’s
analysis in that regard.

We
conclude that the version of Section 61.079  in effect at the time appellant was
adjudicated delinquent in 2003 governed TYC’s referral of him to the juvenile
court for possible transfer.  Consequently, TYC retained the authority to refer
appellant to the juvenile court for transfer to the Texas Department of
Criminal Justice after he turned nineteen but before he turned twenty-one.  We
overrule appellant’s sole point of error.

This
Court’s Ruling

            The
judgment of the juvenile court is affirmed.

            

                                                                              

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 22, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.