**Opinion filed July 22, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00112-CV

_____

## IN THE MATTER OF R.D.W., A JUVENILE

**On Appeal from the 323rd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 74517-J**

## M E M O R A N D U M   O P I N I O N

In a single point of error, R.D.W., a juvenile, challenges the juvenile court's order transferring him from the custody of the Texas Youth Commission (TYC) to the Institutional Division of the Texas Department of Criminal Justice. We affirm.

*Background Facts*

On June 18, 2003, the juvenile court found that appellant engaged in delinquent conduct by committing aggravated robbery on March 22, 2003. The juvenile court additionally noted that the State's petition had previously been approved by the grand jury under TEX. FAM. CODE ANN. § 53.045 (Vernon 2008) and that appellant's delinquent conduct constituted a violation of a penal law listed under that section. The juvenile court subsequently committed appellant to the custody of TYC on June 18, 2003, for a determinate sentence of ten years on the aggravated

robbery allegation with a possible transfer to the Institutional Division of the Texas Department of Criminal Justice.

Appellant's date of birth is July 15, 1988. Accordingly, he was fourteen years old both when he committed the aggravated robbery and when he was placed in the custody of TYC for a determinate sentence of ten years. On August 15, 2008, TYC requested the juvenile court to transfer appellant's custody to the Texas Department of Criminal Justice for confinement because he had not completed his ten-year determinate sentence and, in the opinion of TYC, appellant's conduct indicated that the welfare of the community required his transfer.

The juvenile court conducted a hearing on the transfer request on December 17, 2008. The court found that appellant was twenty years old, that he had not completed his sentence, and that his conduct indicated that the welfare of the community required his transfer to the Institutional Division of the Texas Department of Criminal Justice. Accordingly, the juvenile court entered an order transferring appellant's custody to the Institutional Division of the Texas Department of Criminal Justice.

*Issue on Appeal*

In a single point, appellant contends that the juvenile court abused its discretion by transferring his custody to the Institutional Division of the Texas Department of Criminal Justice because it lacked statutory authority to do so due to his age and a recent amendment to the applicable statute. As noted previously, appellant was twenty years old when TYC initiated the transfer request in August 2008. Prior to June 8, 2007, a person who received a determinate sentence from a juvenile court could be transferred before his twenty-first birthday from the custody of a TYC facility to a TDCJ facility to complete his sentence. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 263, §§ 50, 53, 2007 Tex. Gen. Laws 421, 446-47 (amending TEX. HUM. RES. CODE ANN. § 61.079 (Vernon Supp. 2009)). With the passage of Senate Bill 103 in 2007, the legislature amended Section 61.079 of the Human Resources Code to decrease the maximum age for seeking a transfer of custody to the Texas Department of Criminal Justice for confinement from twenty-one years of age to nineteen years of age. Appellant contends that the 2007 amendment lowering the maximum age for transfer from twenty-one to nineteen governs TYC's request to transfer his custody.

2

*Analysis*

The issue in this appeal is narrow in scope: Does the version of Section 61.079 in existence at the time that appellant was adjudicated control or does the amended version adopted in 2007 apply? We note at the outset of our analysis that two of our sister courts have addressed this question and that each of them has determined that the previous version of Section 61.079 in existence at the time of the juvenile's adjudication applies. *In the Matter of T.L.S., II*, 294 S.W.3d 397 (Tex. App.—Tyler 2009, no pet.); *In the Matter of J.J.*, 276 S.W.3d 171 (Tex. App.—Austin 2008, pet. denied); *see In re T.G.*, No. 03-07-00543-CV, 2008 WL 2468697 (Tex. App.—Austin June 19, 2008, pet. denied) (mem. op.). We agree with the analysis and rulings of the Tyler and Austin Courts of Appeals. We hold that the version of Section 61.079 in effect when appellant was assessed a determinate sentence of ten years controls.

A statute is presumed to be prospective in its operation unless expressly made retrospective. TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005). Statutes are only applied retroactively if the statutory language indicates that the legislature intended that the statute be retroactive. *In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006). Absent express language indicating that the legislature intended retrospective application, we must presume that the amended version of Section 61.079 does not apply here. *See M.C.C.*, 187 S.W.3d at 384. The fact that there is no specific savings clause in Senate Bill 103 for the former version of Section 61.079 is of no consequence because the general savings clause of the Code Construction Act governs. TEX. GOV'T CODE ANN. § 311.031(a) (Vernon 2005); *Quick v. City of Austin*, 7 S.W.3d 109, 130 (Tex. 1999) (We are to presume that the general savings clause applies unless a contrary legislative intent is shown by clear expression or necessary implication.). Finding no contrary legislative intent, we conclude that the general savings clause applies in this case.

We additionally note appellant's contention that the general rule of prospective application of a statutory amendment should not apply because the amendment of Section 61.079 was procedural or remedial in nature. The Tyler Court of Appeals specifically rejected this contention in *T.L.S.*, and we agree with that court's analysis in that regard.

We conclude that the version of Section 61.079 in effect at the time appellant was adjudicated delinquent in 2003 governed TYC's referral of him to the juvenile court for possible transfer. Consequently, TYC retained the authority to refer appellant to the juvenile court for

transfer to the Texas Department of Criminal Justice after he turned nineteen but before he turned twenty-one. We overrule appellant's sole point of error.

*This Court's Ruling*

The judgment of the juvenile court is affirmed.


TERRY McCALL

JUSTICE


July 22, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.